**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
STEPHEN CALLAHAN,                          :
                                           :
                        Plaintiff,         :
            v.                             :        Civil Action No.: 1:22-cv-08621 (JPO)
                                           :
HSBC SECURITIES (USA) INC.,                :
                                           :
                        Defendant.         :
-----------------------------------------------------X

## PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

The parties to this Proposed Protective Order and Confidentiality Agreement (the "Parties") are Plaintiff Stephen Callahan and Defendant HSBC Securities (USA) Inc.  The Parties, acting through their counsel of record, hereby stipulate and agree as follows:

1.      All discovery shall be used solely for the purposes of prosecuting and/or defending the above-captioned action (the "Action").

2.      Upon a good faith determination by any party or non-party from whom discovery is sought (the "Designating Party") that any documentation or information being produced or disclosed contains non-public commercially sensitive, proprietary or trade secret matter of or regarding the party, including sensitive customer information and/or private employee information identifiable in connection with particular individuals (e.g., social security numbers, compensation, personal contact information), the Designating Party may designate such document or thing "Confidential" or "Confidential – Attorneys' Eyes Only" (collectively, "Confidential Information").  The designation or an individual document or category of documents or information as Confidential Information may be challenged pursuant to ¶ 14 of this Order.

3.      Non-parties may invoke the protection of this Order for documents and deposition testimony and exhibits provided in connection with this litigation, including but not limited to documents and deposition testimony and exhibits provided in response to subpoenas served on those third parties, and all Confidential Information of non-parties as contained in such documents, depositions and exhibits shall be protected hereunder in the same manner as the Confidential Information of the parties to this lawsuit as long as the non-party agrees to be bound by this Order and any subsequent amendments to this Order.

4.      The Party who wishes to designate Confidential Information will do so by marking the document or documents "Confidential" or "Confidential – Attorneys' Eyes Only" or, if produced inadvertently without such designation, by providing written notice to the adverse Parties as soon as is practicable in connection with its production that such documents should be marked "Confidential" or "Confidential – Attorneys' Eyes Only."  If Confidential Information is used or referenced in a deposition or hearing, the Party who wishes to designate those portions of the transcript as "Confidential" or "Confidential – Attorneys' Eyes Only" will do so by written notice to the adverse Parties within ten (l0) days of receipt of the written transcript from the stenographer.  If timely written notice is provided, the use at a deposition or hearing of a document designated "Confidential – Attorneys' Eyes Only" shall not modify or diminish the effect of that designation with respect to other witnesses or uses.

5.      Wherever practicable, Confidential Information will be redacted or segregated to allow non-confidential portions of documents to be treated as outside the scope of this Order.

6.      To safeguard the confidentiality of Confidential Information, it will be maintained as set forth in this Order, or in such manner separately agreed upon by the Parties.

7.     The Parties will not disclose Confidential Information that has been marked "Confidential" in any manner to anyone, other than to the following individuals, who must agree in writing prior to such disclosure to maintain its confidentiality by completing and executing Exhibit A to this Order:

(i)     the Receiving Party or Parties and the Receiving Party or Parties' outside or in-house counsel and the legal staff and employees of such counsel assisting counsel in the effort to prosecute or defend this action;

(ii)     experts or consultants (including support personnel) assisting counsel in the effort to prosecute or defend this action;

(iii)     witnesses noticed, subpoenaed, designated pursuant to Fed. R. Civ. P. 30(b)(6), or identified to the opposing party on a trial (or hearing) witness list, to testify at deposition, hearing or trial, in preparation for such testimony;

(iv)     this Court and its personnel, including stenographic reporters;

(v)     any neutral person who may be selected by the Parties to preside over a private mediation or arbitration;

(vi)     stenographic reporters and videographers responsible or depositions taken in the case; and

(vii)     any other persons with the consent of the Producing Party, or by Court order, subject to the terms of this Order.

8.     Confidential Information marked "Confidential – Attorneys' Eyes Only" is subject to the same disclosure limitations set forth above for information marked "Confidential," except that information marked "Confidential – Attorneys' Eyes Only" may not be disclosed under any circumstances to (1) the Receiving Party or Parties or (2) witnesses (whether in

preparation for deposition, hearing or trial testimony or otherwise), absent written consent by the Producing Party.

9.    Notwithstanding any other provisions, nothing in this Order shall prohibit counsel for a party from disclosing a document or thing designated as "Confidential" or "Confidential – Attorneys' Eyes Only" to the extent permitted by law or to any person whom the document or thing clearly identifies as an author, addressee or carbon copy recipient of such document or thing.

10.    To the extent that any documents, information, or things designated as "Confidential" or "Confidential – Attorneys' Eyes Only" are to be filed with this Court, each such document and thing shall be filed under seal or with redactions with the Court, consistent with the Court's Individual Rules and Practices in Civil Cases, the Court's orders and the applicable federal and local rules.   Where possible, only the portions of filings containing Confidential Information shall be filed with the Court under seal or with redactions, as agreed by the Designating Party.   To avoid the unnecessary filing of documents under seal, prior to filing any such documents, to maximum extent possible counsel shall meet and confer with the Designating Party regarding the confidentiality designations at least one (1) business day prior to such filing.   Further, the Designating Party shall be entitled to file a letter in support of the proposed sealing or redaction at its discretion, and shall do so within five (5) business days following the filing of a sealed or redacted document.

11.    Subject to such orders as the Court may make, and subject to compliance with the provisions of this Paragraph, nothing herein shall restrict the presentation of arguments, statements, evidence, or testimony during a Court hearing or trial.   The treatment of Confidential

Information at trial or evidentiary hearing shall be the subject of further meeting and conferring among the parties and further Order of the Court.

12.    In the event that a Party challenges the designation of information, documents and/or things as "Confidential" or "Confidential – Attorneys' Eyes Only," that Party must do so in good faith and will so notify the Designating Party or Parties in writing.  Upon the designation being contested, the Parties will negotiate in an attempt to resolve the designation contest.  If the Parties cannot resolve the designation contest, the Party contesting the designation under this Order shall file a motion with this Court identifying with specificity both the information designated confidential and the objection to the designation.  The Designating Party shall then have the burden of showing that the document, information or thing is designated appropriately. Notwithstanding any contest over a designation, the designation shall be respected by all the Parties, and the information, documents and/or things designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be used in a manner inconsistent with their designation under this stipulated Order until the parties reach an alternative agreement or the Court orders otherwise.

13.    By entering into and/or complying with the terms of this stipulated Order, the Parties do not intend to and are not:

(i)    admitting that any particular designated material constitutes, contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

(ii)    waiving the right of any Party to object to the production of documents or information it considers not subject to discovery or to seek a determination from the Court as to whether particular designated material should be produced;

(iii)    waiving the right of any Party to apply to the Court to rescind or modify

the terms of this Protective Order or to seek a further protective order;

   (iv) waiving the right of any Party to use, or object to the use of, any Confidential Information at any hearing or trial; or

   (v) waiving the right to object to the production or admission of such Confidential Information.

  14. This stipulated Order will be effective from the date on which it is signed by counsel for the Parties.  Within sixty (60) days after the entry of a final, non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this action, the Receiving Party shall return or destroy all documents, information or things it received that were designated "Confidential" or "Confidential – Attorneys' Eyes Only."  Counsel for the Receiving Party shall certify compliance with this Section 17 within ninety (90) days after entry of the event triggering the aforementioned 60-day requirement to destroy or return such documents, information or things.  Counsel of record may retain archival copies of papers filed with the Court, transcripts, work product, and correspondence that include any Confidential Information, but if counsel retains such information, the confidentiality obligations of this Order as it pertains to counsel shall continue in effect with respect to such retained information.

  15. The Parties and their counsel are responsible for employing reasonable measures to control, consistent with this agreement, duplication of, access to, discussion of and distribution of copies of documents, information or things designated "Confidential" or "Confidential – Attorneys' Eyes Only," in accordance with the terms of this stipulated Order.

  If any provision in this document cannot be carried out because it is in conflict with the Court's rules and procedures, or federal or New York law, that provision will be waived.

Dated: September 16, 2024
New York, New York

**WIGDOR LLP**

By: _____
      Valdi Licul
      William Baker

85 Fifth Avenue
New York, NY 10004-2498
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
wbaker@wigdorlaw.com

*Counsel for Plaintiff*

**SULLIVAN & CROMWELL LLP**

By: _____
      Tracy Richelle High
      Julia M. Jordan
      William S. Wolfe

125 Broad Street
New York, New York 10003
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
hight@sullcrom.com
jordanjm@sullcrom.com
wolfew@sullcrom.com

*Counsel for Defendant*

**SO ORDERED.**

Dated: _September 17, 2024_

_____
      J. PAUL OETKEN
    United States District Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

STEPHEN CALLAHAN,         :
                              :

            Plaintiff,       :

              v.            :     Civil Action No.: 1:22-cv-08621 (JPO)

                              :

HSBC SECURITIES (USA) INC.,    :     **AGREEMENT WITH RESPECT**
                              :     **TO CONFIDENTIAL MATERIAL**

           Defendant.     :

------------------------------------------------------X

I, _____, state that:

1.     My address is: _____

_____.

2.     My present occupation or job description is _____

_____.

3.     I have received a copy of the Protective Order and Confidentiality Agreement (the "Order") entered in the above-captioned action (the "Action").

4.     I have carefully read and understand the provisions of the Order.

5.     I will comply with all of the provisions of the Order.

6.     I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this Action, any Confidential Information that is disclosed to me.

7.     I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

8.    I hereby submit to the jurisdiction of this court for the purpose of enforcement

of the Order in this Action.

Dated: _____          _____
                                                                    Signature